CASE 16—MOTION—APRIL 17, 1883.

# Davis' adm'r, &c., v. Eastham, &c.

### APPEAL FROM BOYD CIRCUIT COURT.

1. A mortgage is executed upon a tract of land, and a mill and fixtures situate thereon are excepted therefrom by the terms of the deed. *Held*—That the reservation made by the mortgage does not change their character as part of the realty.

2. In selling such property, all the requisites of the statute in regard to sales of real estate must be followed.

3. Parol evidence is sufficient to show that a deed absolute upon its face is, in fact, a mortgage.

R. C. BURNS FOR APPELLANT.

1. The court erred in holding the mill and fixtures to be realty.

2. The mill and machinery is easily removed without injury. It was not attached to the soil.

3. The intention to make the mill a part of the realty must appear affirmatively, and such intention must be proved by those claiming that it is realty. (Gen. Stat., 436; Hill on Fixtures, secs. 5, 6, and 7; Ferrand's Law of Fixtures, 41, 48, 62; 9 Conn., 63; 1 B. & A., 161; 8 Adolph. & Ellis, 913; 5 Denio, 527; 2 Wend., 636.)

L. T. MOORE FOR APPELLEE.

1. The notes show that the property sold was, in fact, real estate, while it was sold under execution as personalty.

2. The intention with which a fixture is placed upon land goes far toward solving the question. (Washburn on Real Property, vol. 1, p. 5 to 33, inclusive; Johnson v. Wiseman, 4 Met., 357; vol. 9, Reporter, 184.)

3. Upon the question whether it is competent to show that a deed, absolute upon its face, is really a mortgage. (Jones on Mortgages, vol. 1, sec. 241 to 257, 273, 278, 322, 325, 339; 12 Wallace, 323; 12 Howard, 139; 3 J. J. Mar., 353.)

Davis' adm'r, &c., v. Eastham, &c.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

This was a motion, based on notice sufficient in form and substance, to quash the sale under executions in favor of appellants and against appellees.

The property was levied on and sold as personalty, and it is contended that it is part of the realty, which the lower court held to be so, and, therefore, not sold in a proper manner.

The only question need be noticed is as to the character of property held by appellee, J. C. Eastham, in the mill and appliances; for if part of the realty, none of the statutory requirements relative to sales of such property were complied with, and, consequently, the judgment quashing the sale was right.

The mill was placed inside of a box house covered with clapboards, and fastened by bolts to timbers which rested upon a stone foundation. A crib was erected out of logs, and located near it, to hold the toll and other corn. The land on which it was situated was mortgaged, which was evidenced by an absolute deed, proven by oral evidence to be intended as a mortgage. This evidence was objected to, but it was competent and properly admitted. The mill and fixtures were excepted from the conveyance, which, in our opinion, does not alter the character of the property in them. The temporary severance of fixtures, whether actually or constructively annexed, works no alteration of their legal character, and we cannot see why a reservation in contemplation of a possible desire or necessity to sever would operate to effect such an alteration.

As there is no safe and well-defined general rule by which the legal character of such property may be determined, we must look to the relationship of the litigants, the kind and

use of the property, and the intention of the owner relative to its use, rather than to their permanent annexation to the freehold, which is not essential to the character of the fixture.

With regard to the relationship of the parties, it is said by Kent, that between heir and executor, vendor and vendee, mortgagor and mortgagee, the rule favors the inheritance; between executor of the tenant for life and the remainderman or reversioner, it is more favorable to the executor; between landlord and tenant, it gives the greatest latitude and indulgence to the claim of articles as personal property; the rule being still broadened with reference to articles used for manufacturing and trade; and we apprehend no good reason why it may not be extended to those used to increase the quality of agriculture and the ability of tillage, as indicated by the Supreme Court of the United States in questioning the rule in Van Ness v. Pacard, 2 Peters U. S., 137. (See Johnson's ex'r v. Wiseman's ex'r, 4 Met., 358.)

In the case here, the owner of an interest in the soil, which is in his possession, erected the structure with the intention of making it permanent, and never expected to remove the mill away, and he was under no obligation or duty to the appellants to treat the land or its fixtures in any other mode than he might choose.

Washburn says, with reference to a parallel state of case:

"But if a man, by the permission of another, erects a house upon the other's land, it will, if the builder have no estate in the same, be the personal property of the builder. If the builder, however, have an interest in the land, such as the husband of a tenant in fee, or as a reversioner or remainderman, or be in possession under a contract of pur-

chase, it becomes at once a part of the realty." (Page 3, section 4, vol. 1.)

It would seem, therefore, that the owner of an interest in the land, where the party complaining has no interest in it, may treat as fixtures and part of the realty any structure or building that may become such, and which he intended as a part of the realty when erected, and has since used in connection with the land. We are, therefore, of the opinion that the mill and its appliances were part of the realty, and could only pass with it, and that the sale was correctly quashed.

Judgment affirmed.