CASE 119—PETITION EQUITY—FEBRUARY 29.

# Reyman, &c., v. Henderson National Bank, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

FIXTURES—VENDOR'S LIEN.—A sale or mortgage of "brewery property including all the machinery and appliances for manufacturing beer," passes the title to all the machinery and appliances used for making beer without regard to how it is annexed to the freehold. And the lien of the vendor or mortgagee extends to machinery subsequently substituted for other machinery which had become useless or required repairing. But the lien of neither vendor nor mortgagee extends to machinery subsequently purchased and used only because more convenient or of later invention, provided it is not permanently attached to the building.

S. B. & R. D. VANCE FOR APPELLANTS.

Chattels annexed to the freehold by the vendee or mortgagee subsequent to the execution of the deed or mortgage and not mentioned therein will not be subject to the lien of the vendor or mortgagee unless they are so attached that they can not be removed without detriment to the original contract lien of the vendor or mortgagee.   (Clore v. Lambert, 78 Ky., 295.)

YEAMAN & LOCKETT FOR APPELLEE HENDERSON NATIONAL BANK.

The machinery and implements in question were fixtures and became a part of the mortgage security.  (Elwes v. Mawe, 2 Smith's Leading Cases, 99, 9 Am. Ed., p. 1438; Triplette v. Mays, 13 Ky. Law Rep., 875; Bank of Louisville v. Baumeister, 9 Ky. L. R., 846; Ewell on Fixtures, chapters 3 and 9.)

R. H. CUNNINGHAM FOR APPELLEES GEO. H. DELVIN & CO.

Additional citations as to what are fixtures:   Davis' Adm'r v. Eastman, 81 Ky., 117; Hill v. Rosenfield, 10 Ky. Law Rep., 496; Clore v. Lambert, 78 Ky., 224; Johnson's Ex'or v. Wiseman's Ex'or, 4 Met., 359; Hill v. Mundy, &c., 10 Ky. L. R., 541; Allen v. Scott, 32 Am. Dec., 240; Strickler v. Todd, 13 Am. Dec., 659, *note*; Morgan v. Mason, 55 Am. Dec., 465; Hammond v. Woodman, 66 Am. Dec., 219.)

CHIEF-JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The Henderson National Bank leased what is known as the brewery property, on Main and Eighth streets, in the city of Henderson, for a number of years to George H. Devlin & Co., and the latter assigned the lease to one Gebhard.   The Henderson National Bank and Devlin & Co. retained liens upon the property to secure them in the payment of the rentals, amounting to large sums, and Gebhard also mortgaged to Devlin & Co. all the property purchased of the Henderson National Bank, *"it being the brewery property,* including all the machinery and appliances for manufacturing beer."

Gebhard made an assignment for creditors, and the question in this case arises between Devlin & Co. and the Na-

tional Bank on one side and the general creditors on the
other as to the extent of the liens of the former, created by
the several instruments under which Gebhard held the prop-
erty.

The brewery property was sold under a judgment for set-
tlement of the trust, and the notes given transferred to the
lienholders to satisfy their liens. It is now claimed by the
general creditors that there was included in the sale of the
brewery many articles of personalty that did not form a part
of it, and upon which no lien was created in favor of the bank
or of Devlin & Co., while on the part of the lienholders it
is asserted that all the property sold with the brewery, or as
a part of it was either embraced in the mortgage to Devlin
& Co. or constituted a permanent part of the brewery, and
that the machinery put into it by Gebhard, after his pur-
chase, was a substitute for other machinery, and without it
the brewery would be of little value.

That much of the machinery and many of the implements
used might be severed from the realty or from the building
is conceded, but when removed the plant or its value is de-
stroyed, and that part of it severed of but little value, with
the building and the ground upon which it stands left, but
no brewery.

The ordinary rule in relation to fixtures, as applied to a
mere tenant of realty, has but little application in a case like
this. Here the machinery may not be permanently fixed, or
such as is actually annexed to the freehold, but in the case
of a brewery the manner of its use and its relation to the
other machinery and the building must be considered, for if
you take from the building the boiler, the smokestack, the
fermenting tubs, mash tub, etc., you have no brewery; and,
therefore, by a sale or mortgage of a brewery, and its ma-
chinery and appliances for making beer, all the machinery

and appliances used for making it, and on the premises, will pass to the purchaser, and such as may be substituted in lieu of other machinery that becomes useless or requires repairing.

It will scarcely be said that the machinery in a factory, that may be removed at any time without an injury to the building, would not pass by a sale of the factory; on the contrary it has often been held otherwise, and the purposes for which the machinery is put into the building will determine whether or not it becomes a fixture and passes to the purchaser.

In Triplett v. Mays, 13 Ky. Law Rep., 874, this court said: "The question whether chattels are to be regarded as fixtures depends not upon their manner of annexation to the freehold, but upon their adaptation to the purposes for which they are to be used;" and it might be said, if essential to the successful operation of the mill or factory, would pass, if on the premises at the time of sale, and no exception made by the vendor. See also Bank of Louisville v. Baumeister, 87 Ky., 6.

Clore v. Lambert, 78 Ky., 224, where it was held the machinery was not subject to the lien, is a case where the party purchased a house and secured the purchase money by the usual lien, and then converted the building into a factory, placing valuable machinery in it. The machinery was removed without injuring the building, and the question arose as to the extent of the lien of the vendor, this court holding that the lien did not extend to the machinery.

That case is unlike this, and rather conduces to sustain the judgment below to the extent that the use of the chattels are essential to the building, and are so annexed, although at times severed, as to make them indispensable to a proper use of the building for brewery purposes.

Counsel for appellees cites chapters 3 and 9 in Ewell on Fixtures as sustaining the judgment, but we are not disposed to read that book, although high authority, with a view of ascertaining the principle there recognized as supporting the views of counsel.

It is claimed that the conveyance by the bank is not filed, and whether a lien exists or not, and its extent, is left in uncertainty. This appears to be the case, but it is apparent that some of the articles mentioned in the list filed are not indispensable to the running of the brewery, and, as to the bank, no lien exists as the record now appears.

As to the boilers, attachments and brick work, mash tubs, fermenting tubs, iron piping, swimmers and bottling house, there can be no doubt as to their passing, as well as all the articles mentioned, to the purchaser, and that they were embraced in the lien of the bank, if it had any, and subject to the mortgage. All the other items not mentioned were included in the mortgage, if on the premises at the time, but as to such personalty as might have been purchased afterward, and only used because more convenient or of later invention, and not permanently attached to the building, the title did not pass to either lienholder.

The judgment is reversed and the bank allowed to file its deed, that its liens may be shown and other proof taken as to the articles essential to the running of the brewery and purchased since the liens were created.

We have named those which must be considered a part of the freehold.