## Johnson v. Sidey.

### [No. 8,660. Filed October 27, 1915.]

1. Property.—*Real or Personal.*—*Oil and Gas Leases.*—*Nature of Lessee's Rights.*—An oil and gas lease granting to lessee all the oil in and under the described land, with the exclusive right to enter at all times for the purpose of drilling and operating for oil or gas, etc., and providing that the grant should be void in case no well was completed within sixty days, unless a specified rental were paid for each six months of delay; that if the first well were a paying well a second should be drilled within sixty days from the completion of the first, and that all additional wells were to be drilled as the first two wells, etc., and granting to the lessee the right to remove his property at any time, though in the first instance amounting merely to a grant of the right to explore, when coupled with the fact that wells were located thereon pursuant to its terms, and in operation, ripened into a conveyance or grant of an interest in land, and such wells, together with the machinery, etc., attached, were real estate, and hence not subject to sale as personal property for nonpayment of taxes. p. 680.

2. Taxation.—*Tax Sales.*—*Rights of Purchaser.*—Real estate delinquent for taxes must be sold in the manner prescribed by statute, or the purchaser can acquire no title thereto, but merely the right to the lien to which the State had. p. 682.

3. Taxation.—*Tax Sales.*—*Rights of Purchaser.*—A tax sale of personal property must be pursuant to the statutory provisions therefor or it is illegal and void and the purchaser acquires no title to the property sold. p. 682.

From Wells Circuit Court; *David E. Smith*, Special Judge.

Action by Frank M. Johnson against Roland J. Sidey. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Abram Simmons* and *Frank C. Dailey,* for appellant.
*E. C. Vaughn,* for appellee.

IBACH, P. J.—In the year 1898 the owners of certain lands in Wells County, Indiana, executed a lease on the same to Denton W. Spaulding and Albert F. Spaulding for gas and oil purposes. Through a subsequent assignment appellant acquired the interests of the Spauldings in the leased premises, and when the assignment was made, a number of producing oil and gas wells were transferred to him. Later, the county treasurer, sold six of the wells, together with their equipment to satisfy certain taxes claimed to have become delinquent, together with costs and charges. Appellee was the purchaser of the property sold, and made claim of ownership of the same. Appellant brought this suit to quiet his title to the property involved in the sale. The answer was in two paragraphs, the first a general denial, the second an affirmative paragraph. There was also a cross-complaint in two paragraphs to quiet title. In each of these pleadings filed by the defendant, it is averred, among other things which are not material in view of our disposition of the case, that the county treasurer offered for sale and sold upon the land where situate ''six oil wells located in the southeast corner of the southwest quarter of the land described in the lease, together with the drive pipe, casing, tubing, rods and pumping jacks connected with said six wells.'' Trial by the court and judgment for appellee, quieting his title to the property.

The errors assigned call in question the action of the court in overruling appellant's demurrer to appellee's second paragraph of answer to the complaint, appellant's separate demurrers to each paragraph of appellee's cross-complaint, and appellant's motion for new trial.

Appellant's first contention is that oil wells such as are involved here are real estate, and each paragraph of the cross-complaint, as well as the second paragraph of the answer shows that the real estate was sold in July on the premises where located, and not in February at the courthouse door, and therefore none of these pleadings was sufficient to withstand demurrer. It is averred by appellee that the wells and equipment attached thereto formed a part of the property described in plaintiff's complaint, and in the complaint it is averred that the wells "are producing oil and gas". In passing upon the sufficiency of these pleadings, it is also necessary to take into consideration the nature of the grant given to appellant and his predecessors by the owner of the land. This contract provides, "In consideration of the sum of one dollar, receipt of which is acknowledged, the lessees are granted all the oil in and under the described land, with the exclusive right to enter thereon at all times for the purpose of drilling and operating for oil and gas," etc. In case no well is completed within sixty days from date of the contract, then the grant became null and void, unless the lessee or his assignees paid to the lessor one dollar per acre for each six months such completion is delayed. If the first well was a paying well, a second well was to be drilled within sixty days from the completion of the first well, and all additional wells were to be drilled as the first two wells, until all are drilled on the leased premises, allowing fifteen acres of land to each well. The lessee also was granted the right to remove his property at any time.

As to the legal force and effect of this contract, there can, we believe, be no doubt when there is coupled with its terms the fact that the wells located thereon became and were at the time of the sale by the county treasurer producing wells. The contract conveyed an interest in land, and the court erred in overruling the separate demurrers heretofore mentioned for the reason that the particular wells

under the facts of this case, the wells sold with the machinery attached, must be considered real estate and not personal property, and the pleadings show that they were sold as personal property.

While it is true that the identical question has not been squarely decided in a case of the character of the one under consideration, enough has been said by the courts of this State, as well as by others, wherein kindred questions have been involved, to justify the announcement of the foregoing principle. This court in the consideration of a case involving an agreement in many respects similar to the one here involved, used this expression, "This much can certainly be said: that the shaft drilled in appellee's land from the surface to the gas-bearing rock was a part of the realty." *Ohio Oil Co.* v. *Griest* (1902), 30 Ind. App. 84, 65 N. E. 534. See, also, *Shenk* v. *Stahl* (1905), 35 Ind. App. 493, 498, 74 N. E. 538. It will be observed, however, in these decisions, that the court is considering a part of a well which is producing oil or gas. See, also, *Heller* v. *Dailey* (1902), 28 Ind. App. 555, 560, 572, 63 N. E. 490; *Graciosa Oil Co.* v. *County of Santa Barbara* (1909), 155 Cal. 140, 146, 99 Pac. 483, 20 L. R. A. (N. S.) 211. We are mindful of the fact that courts have held repeatedly that there is a distinction between gas and oil leases and the usual and ordinary leases for other purposes, and while such leases in the first instance grant to the lessee merely the right to explore for oil and gas, the mere fact that a hole was dug in the earth to which pipes and machinery were attached would not change the character of all such property to that of real estate, but as is said by Mr. Thornton, "The usual so-called lease or option usually gives the person taking it the right to explore on the land for oil or gas or both; and until he finds either one or the other, he has no interest in the land. * * * If the lessee find oil or gas then his so-called lease has ripened into an interest in the land." Thornton, Oil and Gas (2d ed.) §332a.

If we were disposed to hold, however, that the property involved in the present case was personal property, still we would be required to reverse the case for the many irregularities which appear in the sale. Real estate delinquent for taxes must be sold in the manner prescribed by statute, or the purchaser acquires no title thereto; where such sale is irregular, he merely acquires the right to the lien which the State had on such land. Likewise a tax sale of personal property must be conducted in accord with the provisions of the statutes relative thereto, or the sale will be illegal and void and the purchaser will acquire no title to the property illegally sold. In this case, if the property were personalty, we do not believe a legal levy was made, the notice of the sale was not in proper form, no definite or specific property was sold, and it is quite apparent that the amount for the recovery of which the sale was held exceeded the amount the treasurer was authorized to recover. We conclude, therefore, that for the error in overruling appellant's separate demurrers to appellee's second paragraph of answer to the complaint and to appellee's first and second paragraphs of cross-complaint, the cause should be reversed. Judgment reversed.

NOTE.—Reported in 109 N. E. 934. As to who may purchase at tax sale and enforce title, see 15 Am. Dec. 684; 75 Am. St. 229. On the nature of interest in oil and gas lease, see 25 L. R. A. 226; 42 L. R. A. (N. S.) 472. Petroleum and natural gas as minerals, see 20 Ann. Cas. 937; Ann. Cas. 1913 B 1214. See, also, under (1) 27 Cyc. 722, 724; (2) 37 Cyc. 1334; (3) 37 Cyc. 1239.