## Gas & Electric Shop, Inc. v. Corey-Scheffel Lumber Company.

(Decided February 5, 1929.)

JOSEPH W. CAMBRON for appellant.

L. A. HICKMAN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

One Margaret E. James built a residence in Jefferson county outside of the limits of the city of Louisville. After its completion, she executed a first mortgage on the property to the Franklin Title & Trust Company, and a second mortgage to some one else which was assigned to

the appellee. Appellant sold Mrs. James an electric range for $209.35. The exact date of the sale is not shown by the record, but probably it was after the two mortgages had been executed. By the provisions of the contract of sale, appellant retained title to the range until the purchase money should be paid. This contract was properly treated as a chattel mortgage and was recorded. Appellant, in February, 1928, which appears to have been more than a year after the sale of the range, filed in the county clerk's office and caused to be recorded a mechanic's lien to secure its debt. No part of its debt was ever paid. Mrs. James failed to pay her indebtedness to the trust company, or the lumber company, and the lumber company instituted an action to enforce its lien. Appellant was made a party to that action and summons was served on it. Before the suit was filed, Mrs. James had conveyed the property to Henrietta Bonta. Judgment was obtained directing a sale of the property to satisfy the liens against it. Appellant, so far as the record before us shows, did not answer in the suit of the lumber company. Before the sale, and probably only one day before the sale, appellant went to the premises and removed the range which it had sold. Appellee bought the property at the sale, and soon thereafter discovered that the range had been removed. It made a motion for a rule against appellant to show cause why it should not be required to return the range to the dwelling. The chancellor heard the proof and directed appellant to return the range, or, if it could not do so, to pay appellee $209.35, and the cost of action. Appellant is complaining about the order, or judgment, of the chancellor, and has entered a motion in this court asking that an appeal be granted, and the judgment reversed.

It is argued by appellant that a rule was not the proper method of procedure. We will leave that to one side, as it is not material. It is urged by appellee that appellant having filed a mechanic's lien recognized that the range was a part of the realty, and that it cannot be heard to say at this time that it was not. We also leave that to one side, as we do not think the filing of a mechanic's lien changed matters at all, in view of the explanations offered by the witnesses in this case.

It is urged by counsel for appellee that the taking of the range from the property while the action was pending was close akin to burglary, but that depends upon the

rights of the parties. We are not considering whether appellant was guilty of contempt under the circumstances, as that was not the question tried below.

The only question presented by the record is whether the electric range when installed became a part of the realty to such an extent that the mortgage liens attached to it. If it was personal property, as it must be admitted that it was, the sole question is whether it became a part of the realty by reason of its installation in the dwelling. If it became a part of the realty, the mortgage liens attached to it, and it was a matter in court, without right on the part of appellant to remove it. On the other hand, if it was not a part of the realty, but remained personal property, the appellant had the right to remove it so far as appellee was concerned, and neither Mrs. James nor Mrs. Bonta are complaining.

The dwelling was erected so that an electric range might be installed. There was a place for it. It was put in place and attached to the electric wires by means of a cord carrying three wires wrapped together, as we understand from the evidence. Appellee proves that it was necessary to cut these three wires to remove the range. Appellant proves that it was only necessary to unhook the wires, as the range was connected very much the same way as an electric bulb, or an electric iron. The witness who knew most about it testified that it was not necessary to cut anything, but all that was necessary was to remove two small screws with screwdriver, and that the range was then removable. Both parties rely on the case of Morrow Manufacturing Co. v. Race Creek Coal Co., 222 Ky. 807, 2 S. W. (2d) 662. This court held nothing more in that case than that the screen which had been installed by the Morrow Manufacturing Company could not be removed without injuring the plant of the coal company in such a way as to depreciate the value of the property covered by the mortgage.

Cases relating to machinery which are necessary parts of a manufacturing or mining plant are not applicable to cases such as this. The general rule in such cases seems to be that where a chattel is placed upon real property after the execution of a mortgage, which chattel is not mentioned in the mortgage, it does not pass under the lien unless the chattel is so attached that it cannot be removed without injury to the freehold, which injury diminishes the value of the property in lien. The question is whether the removal of the chattel will impair the

freehold. Chattels which are annexed to the freehold prior to the execution of a mortgage are subject to the lien, though not mentioned in the mortgage, if the chattels are essential to the enjoyment of the freehold. This does not mean that any chattel which may be useful about the freehold becomes a part of the realty, but means that it must be essential to the enjoyment of the freehold. That is, it must be a part of it to such an extent that it cannot be removed without damaging the freehold so that its enjoyment will be impaired. We get these general principles out of the case of United States Cast Iron Pipe & Foundry Co. v. Henry Vogt Machine Co., 182 Ky. 473, 206 S. W. 806, and the case of Clore v. Lambert, 78 Ky. 224.

In the case of Davis v. Eastham, 81 Ky. 116, and the case of Henry Clay Fire Insurance Co. v. Barkley, 160 Ky. 153, 169 S. W. 747, we find that this court announced that there is no well-defined general rule by which the legal character of fixtures may be determined. The kind and use of the property and the intention of the owner as to its use has much to do with it, and the fact that there is a permanent annexation of the fixture to the freehold is not always conclusive that the fixture is a part of the freehold to the extent that it passes in lien by reason of a prior, or subsequent, mortgage. If the fixture may be removed without injury to it, and without injury to the freehold, it seems that it is not a part of the freehold, and the injury in such cases must be something of substance and not merely fanciful, or imaginary.

In the case of Detroit Steel Cooperage Co. v. Sistersville Brewing Co., 233 U. S. 712, 34 S. Ct. 753, 58 L. Ed. 1166, the Supreme Court held that steel tanks in a brewery are not such fixtures as become a part of the realty. The court held in that case that the owner of a chattel loses title thereto without his consent when it is incorporated into a structure in such a manner that the removal would destroy the structure.

The word "fixture" itself has not been well or clearly defined, as will be ascertained by an examination of the opinions of the highest courts in the different jurisdictions. It does not always mean that a fixture is a part of the freehold.

In this case an electric range was placed in a dwelling, and it is contended on the one hand that it became a part of the dwelling to such an extent that it passed in lien under mortgages which had been placed on the realty.

We see little difference in an electric range and a coal range, or any other range for cooking purposes. A coal range must be attached in some way to the dwelling, or it cannot be very well used, and nearly all dwellings are so built that a coal range may be attached, and yet we do not believe that any one would seriously contend that an ordinary coal range passes with the realty. We are not convinced that the purchaser of a dwelling, knowing there is an electric range in it, thinks for a minute that he is buying the electric range when he buys the dwelling, unless he had some special arrangement whereby the title to the range is to pass with the dwelling. Under the general principles mentioned above, we do not believe that an electric range attached to the freehold, as the proof shows this one was, is a part of the realty. It was possible to remove it without damaging the range itself or the freehold. If it had not become a part of the freehold so that it could not be removed without injury to the freehold, appellee has no reason to complain because it was removed by appellant. Appellant showed, by its proof, that it had an agreement with the original purchaser that it might remove the range. Appellant, in removing the range, did no damage to the freehold that could be called substantial, and for that reason appellee has no reason to complain because the range was removed from the property which it purchased.

Appeal granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.