## Young v. Hill.

(Decided June 21, 1935.)

KIRK & WELLS and G. F. HEDGES for appellant.

FRED HOWES for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is the second appeal of this case. See Young et al. v. Hill et al., 247 Ky. 672, 57 S. W. (2d) 470.

All issues were determined on the first appeal, except the question of priority of Hill's attachment lien and the mortgages of J. P. Young and the Charleston Trust Company, on three oil tanks, six pump jacks, six shackel lines, various lead lines, gasoline engine, and all of its connections with power lines, various quantities of casing, tubing, and sucker rods at six

wells drilled on the Skaggs' lease. Hill's attachment was levied on these articles as the property of the Mylyn Oil Company. At that time the mortgages of J. P. Young and the Charleston Trust Company were of record. They contain this description:

"Any equipment and property thereon [on the lease] and hereafter to be placed thereon [on the lease], except drilling machines and machine equipment, and any property which, under the terms of said agreement, it may hereafter acquire an interest in."

Of these mortgages, in our former opinion, we said:

"The point is made that the description of the personal property in the mortgages of Young and the Charleston Trust Company are too indefinite and uncertain to give constructive notice." "The point is well made, and on the authority of Hart County Deposit Bank v. Hatfield, 236 Ky. 725, 33 S. W. [2d] 660, 661, we hold the appellee's attachment lien on the personal property of the Mylyn Oil Company to be superior to the claims of the mortgages. * * * But the question is what property of the leasehold and attached property is not decided."

On a return of the case to the circuit court, on the evidence adduced, the court decreed that as between Hill's attachment lien and the mortgages of Young and the Charleston Trust Company the articles listed above were personalty, and Hill's attachment lien thereon was prior and superior to the mortgages.

The wells on the Skagg's lease were drilled and the attached personalty was placed on the leased premises by virtue of an oil lease which contains this provision:

"Second party shall have the right to use sufficient oil, gas and water to run sufficient machinery to operate said wells. * * * Also, the right to remove any property at any time * * *. It is understood by the parties to this agreement that all conditions between the parties shall extend to their heirs, administrators and assigns."

The Figley-Day Company subsequently acquired the right of the original lessees—Day and Figley. By a three-party agreement of Figley-Day Company, of the first part, the Mylyn Oil Company, of the second

part, and J. P. Young, of the third part, the Mylyn Oil Company acquired one-half interest in the lease and property thereon. The tripartite agreement contains this clause:

"That upon the termination of this lien each of the first and second parties shall be entitled to a half interest in all removable equipment and property on the said lease or owned by the parties hereto, jointly and in connection therewith."

It is Hill's contention that the articles here involved are regarded in the lease by the lessor and lessee and the parties to the tripartite agreement, as the lessee's personalty during the term of the lease and are merely trade fixtures.

It is not difficult to see there are sound reasons for regarding these oil and gas wells equipments as trade fixtures, with the right in the lessee, under these instruments to remove the same as provided in the lease, although the lease, itself, is, in law, real estate. Ordinarily, a mortgage embracing such articles or where the land to which such articles are attached is sold by the owner, as between the mortgagor and the mortgagee, or the vendor and the vendee, the same because they are necessary for a successful operation, are regarded as included in the mortgage, or the deed of conveyance, in the absence of an expressed reservation.

It is a general rule that between a mortgagor and a mortgagee, or a vendor and a vendee, all such articles pass to the mortgagee or vendee if and when actually or constructively annexed to the real estate. Triplett v. Mays, 13 Ky. Law Rep. 874, 877; Doll v. Guthrie, 233 Ky. 77, 24 S. W. (2d) 947; Hill & Hill v. Rosenfield & Co., 10 Ky. Law Rep. 496; Elizabethtown Milling & Coal Co. v. Elizabethtown Milling Co., 13 Ky. Law Rep. 96.

Thornton's Law of Oil and Gas, p. 1334, sec. 654, states the rule thus:

"A conveyance of the land whereon are gas or oil wells owned and worked by the owner of the land, will carry with it those fixtures, attached to the freehold necessarily used in such work; and so a conveyance of the leasehold interest by the lessee will also carry such fixtures, unless there be an agreement to the contrary."

Under an oil lease, where the wells drilled were

producing, it was held in Johnson v. Sidey, 59 Ind. App. 678, 109 N. E. 934, that they went with the attached machinery as real estate and not personal property.

In Re Gross Production Tax of Wolverine Oil Co., 53 Okl. 24, 154 P. 362, 366, L. R. A. 1916F, 141, it is written:

> "The equipment and machinery owned by the producer, and which is an indispensable agency in the discovery and production of the commodity, forms a part of the property out of which the production arises. Without it production is impossible."

In Gas & Electric Shop v. Corey-Scheffel Lumber Co., 227 Ky. 657, 13 S. W. (2d) 1009, 1110, 62 A. L. R. 208, it is said:

> "Chattels which are annexed to the freehold prior to the execution of a mortgage are subject to the lien, though not mentioned in the mortgage, if the chattels are essential to the enjoyment of the freehold."

We have repeatedly held that for the purpose of taxation, lease equipment, such as here involved, is real estate. Commonwealth v. Elkhorn Piney Oil & Gas Co., 241 Ky. 245, 43 S. W. (2d) 684.

One test to determine what is a movable or an immovable fixture is the intention of the party making the annexation to make the article a permanent accession to the freehold, inferable from the nature of the article affixed, the situation of the party making the annexation, the structure of the mode of annexation, and the purpose or use thereof. Morrow Mfg. Co. v. Race Creek Coal Co. et al., 222 Ky. 807, 2 S. W. (2d) 662; Clore v. Lambert, 78 Ky. 224; Bank of Louisville v. Baumeister, 87 Ky. 6, 8, 7 S. W. 170, 9 Ky. Law Rep. 845; Reyman v. Henderson National Bank, 98 Ky. 748, 34 S. W. 697, 17 Ky. Law Rep. 1291; United States Cast Iron Pipe & Foundry Co. v. Henry Vogt Mach. Co., 182 Ky. 473, 206 S .W. 806.

The excerpts from the oil lease and the three-party agreement relieve us of the task of determining the intention of the parties annexing the articles involved as a permanent accession to the leasehold. For in each of these instruments, it is expressly stated that they are the property of the lessee and removable at any time. By the clause of the lease, the right to remove the same

at any time is expressly reserved to the lessee. Hill, as an attaching creditor, in effect, occupies the position of a transferee of the lessee with the right to remove the articles in question at any time.

The parties to the lease and the three-party agreement having expressly provided that the articles on which Hill's attachment was levied were, and should continue to be, personalty, distinguishes this case from those involving like articles attached to the real estate, which are regarded as permanent fixtures, as between a mortgagor and a mortgagee or a vendor and a vendee, under a mortgage or a deed of the owner, when there is no expressed reservation.

Thornton's Law of Oil & Gas, vol. 1, sec. 649, states the applicable and controlling rule, where the parties to the instrument have agreed that such fixtures should remain personal property, in this language:

"When the parties immediately confronted, by an agreement between themselves, manifest their purpose, that the property, although it is attached to the soil, shall contain its character as personalty * * * the intention of the parties will prevail * * *. A mutual agreement in respect to the manner in which the chattel will be regarded after the annexation will have the effect of respect between the parties to the agreement."

It should appear that it is our view that Hill, as an attaching creditor of a party to an agreement reserving in himself title to the attached personalty, though annexed to real estate, is entitled to assert all rights of the lessee arising from this agreement as to the personalty which it embraces. The lessee by a provision in the lease, having retained the title, with the privilege of removing same from the leased premises, to the personalty on which Hill's attachment was levied, and the mortgages of Young and the Charleston Trust Company, inadequately describing the same, though recorded, were insufficient to constitute constructive notice to Hill, a creditor of the lessee, therefore his attachment lien, was and is, prior and superior to the mortgages. Hart County Deposit Bank v. Hatfield, 236 Ky. 725, 33 S. W. (2d) 660.

The judgment of the circuit court being in harmony with our views, it is affirmed.