## City of Covington v. Faulhaber, et al.

(Decided December 21, 1917.)

### Petition for Rehearing.

1. Nuisance—Damages—Measure of—Compensatory—Punitive.—It is only in instances where the injury is inflicted from wanton or malicious motives, or with a reckless disregard of the rights of others, or when the act results in great hardship or oppression, that punitive damages are given. The general rule is that unless the nuisance is accompanied by circumstances showing a wilful purpose to injure, or by acts manifesting a deliberate intent to oppress, the damages will be confined to compensation.

2. Nuisance—Maintaining After Verdict—Punitive Damages in Second Action—When Allowed.—If the person maintaining a nuisance continues its exercise after there has been a verdict and judgment against him, his conduct in continuing it will entitle the complaining party to exemplary damages, if the nuisance be a continuing or a permanent one, or be accompanied by acts or circumstances tending to show a wilful or a deliberate purpose to injure or oppress, or manifests a reckless disregard of the rights of others.

3. Nuisance—Damages—Recurrence of Negligent Act Does Not Authorize Punitive.—The mere recurrence of a negligent act, although it may fall within the description of a nuisance, will not authorize the imposition of punitive damages unless it is accompanied by other acts manifesting a purpose to injure or oppress.

4. Nuisance—Punitive Damages—When Allowable After Former Verdict.—It is only when exemplary damages may be given that it is permissible to produce the record or refer to what happened on a former trial between the same parties growing out of the same alleged nuisance.

A. E. STRICKLETT for appellant.

HORACE W. ROOT and B. F. GRAZIANI for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Overruling petition.

In a petition for a rehearing, we are asked to withdraw the opinion that may be found in 177 Ky. 623, and affirm the judgment, which was reversed upon the ground that the trial court committed error in instructing the jury that they might award punitive damages, and in allowing the plaintiffs to get before the jury what happened on the trial of a former case between the same parties in which the plaintiffs recovered damages for the same cause of action for which the damages were recovered in this case.

The right to recover exemplary damages in nuisance cases was not discussed in the briefs on the former appeal, and not having our attention called to the authorities on this subject, we did not investigate the matter, but said that "It was error for the court to instruct the jury that they might find punitive damages, as there was no evidence that the nuisance complained of was committed in a high-handed, malicious or oppressive manner, or in reckless disregard of the rights of the plaintiff," thereby applying to this case the general rule in respect to when punitive damages may be allowed in cases sounding in tort.

But in the petition for a rehearing our attention is called to authorities and cases holding, in substance, that if the person maintaining the nuisance continues its exercise after there has been a verdict and judgment against him, his conduct in continuing it will be regarded as a wanton and wilful invasion of the complaining party's rights which entitle him to exemplary damages: Wood on Nuisance, vol. 2, sec. 868; 21 A. & E. Ency. of Law 729.

The general rule is that unless the nuisance is accompanied by circumstances showing a wilful purpose to injure, or by acts manifesting a deliberate intent to oppress, the complaining party is only entitled to compensatory damages, or, as said in Wood on Nuisance, vol. 2, sec. 868, "It is only in instances when the injury is inflicted from wanton or malicious motives, or a reckless disregard of the rights of others, or when the act results in great hardship or oppression, that punitive damages are given."

Now the question is, under which class does the nuisance here complained of fall? It is clear that there was

no intentional or malicious purpose to injure the property of the plaintiffs, nor was the drainage of the reservoirs carried on in such a way as to exhibit a reckless disregard of their rights. The injury, if any, complained of was due alone to the negligent manner in which the water was permitted to flow from the reservoirs. These reservoirs were cleaned out only once a year, and the city for a number of years had been washing and draining them in practically the same manner, but it does not appear that its conduct in this respect had occasioned any damage theretofore, except to the plaintiffs, and we do not think that the mere recurrence of a negligent act, although it may fall within the description of a nuisance, would authorize the imposition of punitive damages, unless it were accompanied by other acts manifesting a purpose to injure or oppress.

In the cases in which it is allowable to introduce as evidence a former verdict or judgment for the purpose of showing a wanton or reckless disregard of the rights of the complaining party, the nuisance must be a continuing or a permanent one, or accompanied by acts or circumstances tending to show a wilful or deliberate purpose to injure or oppress, or manifest a reckless disregard of the rights of others, and not be merely the result of an occasional act of negligence: Ganster v. Metropolitan Electric Co., 214 Pa. St. 628; Walker v. Railroad Company, 52 La. Annual 2036; Paddock v. Somes, 51 Mo. Ap. 320; Louisville & Nashville R. Co. v. Bolton, 18 Ky. Law Rep. 824; Yazoo & Miss. Valley R. Co. v. Sanders, 87 Miss. 607, 3 L. R. A. (N. S.) 1119.

It is only when exemplary damages may be given that it is permissible to introduce the record or refer to what happened on a former trial between the same parties growing out of the same alleged nuisance, and as exemplary damages should not have been allowed in this case, it was error to introduce the record of a former trial.

The petition for a rehearing is overruled.