## Kelley v. Brack.

(Decided February 2, 1926.)

### Appeal from Fayette Circuit Court.

1. Chattel Mortgages—All Conditional Sale Contracts Made in Kentucky are Regarded as Chattel Mortgages.—All conditional sale contracts made in Kentucky are regarded as chattel mortgages.

2. Sales—Courts of Kentucky will Enforce Conditional Sale Contracts Made in State, where Such Contracts are Upheld.—Under comity of states, courts of Kentucky recognize and enforce conditional sale contracts, by which title is retained in vendor when made in states the law of which sanctions and upholds such agreements.

3.  Sales—What Constitutes Reasonable Time After Default for One
    Retaining Title to Take Possession in Order to Preserve Rights
    Against Subsequent Purchaser Depends on Circumstances.—What
    constitutes reasonable time after default under conditional sale
    contract, made in another state, for one retaining title to take
    possession in order to preserve his rights as against subsequent
    purchasers, depends on circumstances of each case.

4.  Sales—Delay of 30 Days, After Default in Taking Possession, Held
    Not to Deprive Seller of Priority of Right as Against Subsequent
    Purchaser.—Delay of 30 days, after default under conditional sale
    contract made in Kansas, as Authorized by General Statutes,
    Kansas, 1915, section 6508, in taking possession of property, held
    not to amount to laches depriving seller of priority of right as
    against subsequent purchaser.

5.  Sales—One Who, After being in Kansas, where Conditional Agree-
    ment for Sale of Automobile and Mortgage Thereon were Recorded,
    Purchased Automobile Elsewhere, Held Charged with Constructive
    Notice.—Where automobile was sold in Kansas under conditional
    sale contract, and later vendor took mortgage on same property,
    held that one who, after being in Kansas, where instruments were
    recorded, purchased automobile while in Illinois, was charged with
    constructive notice while in Kansas.

6.  Chattel Mortgages—Transaction Held One in which Vendor Re-
    tained Title, though Vendee Later Executed Mortgage on Same
    Property to Vendor.—Where note containing conditional sale clause
    was executed and delivered to vendor at time of sale of automobile,
    held that such transaction should be treated as one in which vendor
    retained title, though vendee later executed mortgage on same
    property to vendor.

7.  Chattel Mortgages—Sales—Vendor Under Conditional Sale Con-
    tract, Also Taking Mortgage, Held to Have Preference Over Pur-
    chaser.—Where automobile was sold in Kansas under conditional
    sale contract, and later vendor took mortgage on same property,
    vendor held to have preference over one who, with notice of con-
    ditional sale contract and mortgage, while in Illinois, purchased
    automobile.

ALLEN, BOTTS & DUNCAN for appellant.

R. W. KEENON and W. E. DARRAGH for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirm-
ing.

Appellee, Brack, was engaged in the automobile
business at Great Bend, Martin county, Kansas, on
March 25, 1923, when he sold to Kinney and McMinn, a
Packard automobile for the sum of $3,890.00, and took
a note for the full purchase price, retaining title in him-
self until the note was fully paid.   In the note it was pro-

vided: "Title to said property shall not pass from the payee or holder until this note and all others given in such payment shall be paid in full. If default is made in the payment of this or any other such note, or if said property or any part thereof is levied upon or the undersigned attempts to sell or remove the same, or if said payee or holder shall deem itself insecure, then it may declare this and every other such note due and may take possession of said property and sell the same at public or private sale."

Shortly after taking the note and delivering the automobile Kinney and McMinn executed and delivered to appellee, Brack, a mortgage covering the same property to secure the note, this instrument expressly referring to the note in part copied above. By the law of the state of Kansas such sales retaining title in the vendor are valid and enforceable, it being held by the courts of that state that the title does not pass until the full purchase price is paid, if the contract, whether a note or other writing, is recorded, as provided for in the statutes. It is admitted that the note and mortgage in this case were duly recorded in the proper office of the county, in Kansas, where the property was located at the time of the sale. The contract further provided that the property "shall not be removed from the state without the consent of the vendor." The Kansas statute, section 6508, relating to conditional sales, in part, reads:

"That any and all instruments in writing or promissory notes now in existence or wherever executed evidencing conditional sale of personal property, and that retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument or a true copy thereof shall have been deposited in the office of the registrar of deeds of the county wherein the property shall be, and shall be entered upon the records the same as a chattel mortgage, and when deposited shall remain in full force and effect until the amount of the same is fully paid, without the renewal of same by the vendor; and any verbal sale of personal property reserving to the vendor any title in the property, shall be void as to creditors and innocent purchasers for value."

Shortly after purchasing the automobile from Brack and executing the note and mortgage for the purchase price to him, Kinney and McMinn became involved financially and immediately wired appellant, Kelly, at Lexington, to come to Kansas and help them adjust their affairs. Arriving in Kansas Kelley became attorney for Kinney and McMinn and undertook to adjust their financial difficulties. He in part at least audited their accounts and made up a list of their liabilities, including the note for $3,800.00 given for the Packard automobile now in controversy. For his services he charged Kinney and McMinn a fee of $5,000.00, which it is agreed by that firm was fair and reasonable. About thirty days after Kinney and McMinn acquired the automobile and executed the note and mortgage and after appellant, Kelley, had adjusted their matters, Kinney and Kelley went to Chicago. The Packard automobile was also sent there. While there Kinney sold the automobile to Kelley in part payment of his attorney fee, and Kelley caused the automobile to be sent to Lexington, Kentucky. Soon thereafter appellee, Brack, learning that the automobile was in Lexington, wrote Kelley asserting title to the automobile and informing Kelley that he did not own the car. Later Brack visited Lexington and tried to prevail upon Kelley to surrender the automobile, but Kelley declined to do so; thereupon this action was commenced by Brack against Kelley in the Fayette circuit court upon the conditional sale note and mortgage to have it adjudged that the title did not pass from Brack, under the sale, to Kinney and McMinn or by the latter's transfer to Kelley.

Appellant Kelley contends that the sale of the automobile in Kansas was an absolute one with mortgage back from the purchaser to the seller and not a conditional sale, and further that the note was long past due at the time the car was removed from Kansas, and appellee Brack had failed to assert his rights under the mortgage and had thus waived his right to do so, especially against an innocent purchaser, which Kelley claimed to be.

The trial court adjudged Brack entitled to the relief sought and directed a sale of the automobile for the purpose of paying the note, and adjudged that in case the car brought more than the amount of the note, interest and cost that such excess be paid to Kelley. The court further adjudged that Kelley recover on his cross-

petition against Kinney and McMinn the sum of $5,000.00, with six per cent interest and cost. There is no appeal from this latter part of the judgment, and it will not, therefore, be further considered or disturbed.

While we regard all contracts of conditional sale made in Kentucky as chattel mortgages, Wender Blue Gem Coal Co. v. Louisville Property Co., 137 Ky. 339; Chilton v. Same, 137 Ky. 339; Baldwin & Co. v. Crow, &c., 86 Ky. 679; Tucker v. Witherbee, &c., 130 Ky. 269; Furwiler v. Roberts, 26 R. 297; Sheffield v. Hurst, 31 R. 890, we, under the comity of states, recognize and enforce such contracts as valid when made in states the laws of which sanction and uphold agreements by which a vendor retains title in the property until the full purchase price is paid. Fry Bros. v. Theobold, 205 Ky. 146; Tennessee Auto Corporation v. Bank, 205 Ky. 541. The last two cases involved the right to automobiles purchased in Tennessee and later brought into Kentucky, the seller retaining title until the purchase price was paid, and we held the vendor's interest prior and superior to attaching creditors in Kentucky. In such cases we recognize the right of purchasers who take the property without actual notice of want of title in the vendee and require the retainer of title to exercise due diligence and take possession in a reasonable time after default; otherwise he may lose his lien against intervening rights. What constitutes a reasonable time must depend upon the circumstances of each case. But no unreasonable delay was shown in this case—only thirty (30) days intervened between the sale made by Brack to Kinney and McMinn and the removal of the car from Kansas, and purchase by Kelly—as would amount to laches or justify the inference or presumption that the seller had waived his claim.

Appellant, Kelley, now argues that the intention of the parties to the original note and mortgage determines its nature, that is, whether it was a conditional sale or a chattel mortgage, and that appellee, Brack, by his amended petition, motion for receiver and other acts, has treated the contract as a chattel mortgage and has waived his right to claim or insist that the sale was a conditional one; and further insists that appellee's remedy is governed by the law of Kentucky; that when appellee failed to take possession of the property at the time Kinney and McMinn defaulted in the payment of the note, or at least within a reasonable time thereafter, he lost his lien;

that appellant, Kelley, was an innocent purchaser and this was established by his proof; that the test of whether he was an innocent purchaser is governed by the law of Illinois, where he acquired possession of the automobile. The trial court seems to have been satisfied from the evidence that appellant, Kelley, was not an innocent purchaser. Indeed, the evidence seems to show that Kelley knew that Kinney and McMinn had purchased the automobile in question from Brack and executed to him a conditional sale note and later a mortgage, before he purchased the automobile from Kinney, in Chicago. If this be true, then it matters little whether the transaction was a conditional sale or a mortgage. In either event Kelley is in no condition to contest the right of appellee, Brack, to the automobile or to the proceeds arising from a sale thereof. Whether Kelley had actual notice of the mortgage is not so important in view of the fact that he was in the state of Kansas with Kinney and McMinn, auditing their accounts and clearing up their affairs, and knew of the purchase of the automobile from appellee, Brack, and must have been cognizant of the fact, when he purchased the automobile in Chicago, that it was the same car acquired by conditional purchase by Kinney and McMinn from Brack, in Kansas, and for which the $3,800.00 note was given. While in Kansas at the place where the note and mortgage were recorded Kelley was charged with constructive notice of the conditional sale note and of the mortgage, since both were properly recorded in the office designated by the statute. Having once been charged with such constructive notice it is doubtful whether he could ever be held to be an innocent purchaser, even though he had left the state of Kansas and entered Illinois before he purchased the machine. Inasmuch as the note containing the conditional sale clause was executed and delivered by Kinney and McMinn to appellee, Brack, at the time of the sale of the automobile and before the mortgage was made, we think we may treat the transaction as one in which the vendor retained the title even though the vendee later executed the mortgage on the same property to the vendor. In fact, this seems to be the rule adopted by the highest court of Kansas in the case of Christie v. Scott, 77 Kans. 257, the court saying:

"Indeed, the transaction, reserving the title and right of possession and right to retake the same, is

intended and operates simply as a security for the debt. The transaction does not essentially differ from one in which the seller at the time of making a sale takes a promissory note for the purchase price, and at the same time, and before he has really transferred the property sold, takes a mortgage thereon to secure the payment of the note, the purchase price. Under the law of this state such mortgage conveys the title right of possession to the mortgage. In the one case the purchaser agrees unconditionally to pay a certain stated sum as the purchase price, and agrees that the seller shall hold the title to the property and right of possession until the debt is paid, and if it be not paid, that the seller may take the property and sell it and apply the proceeds of the sale towards the payment of the note, implying that the proceeds may be less than the amount of the note. In the other case the purchaser executed a promissory note and unconditionally promises thereby to pay the purchase price, and, before he has actually received the property purchased, assumes to convey the title and right of possession thereof to the seller, and further agrees that the seller may take possession of the property and sell it, and apply the proceeds, less the expenses, toward the payment of the note. There is a theoretical distinction between the two transactions, but no practical difference.''

Indeed, it does not seem to make much difference under the law of Kansas whether it was a conditional sale or a mortgage, for in either event the mortgagee is entitled to subject the property to the payment of the debt by taking it into his possession and selling it either privately or publicly. The terms of the mortgage in the instant case are broad enough to warrant such action, and we are forced to the conclusion that the trial court did not err in adjudging the automobile in controversy subject to the debt of appellee, Brack, and awarding him the custody thereof to be sold and the proceeds applied as above indicated in accordance with the terms of the contract, for which reason the judgment is affirmed.

Judgment affirmed.