## CHARLESTON.

THE FINANCE COMPANY OF AMERICA *v.* ONNIE BAILEY

(No. 6397)

Submitted February 5, 1929. Decided February 12, 1929.

652

*Grover C. Worrell* and *Arthur F. Kingdon,* for plaintiff in error.

*Toler & Shannon,* for defendant in error.

MAXWELL, JUDGE:

Defendant, being engaged in the automobile business at Mullens, West Virginia, sold, by conditional sales contracts, reserving title, to John Shade and Eugene Kersey each an automobile and took from the former his note in the sum of $477.33 and from the latter his note for $687.98, for balance of purchase money, each note being payable in installments. Defendant assigned these notes and contracts to the plaintiff, and guaranteed payment. Thereafter, each of said purchasers defaulting in payment and absconding with his automobile, the defendant, on demand of the plaintiff, paid to the plaintiff on each of said notes a portion thereof, but declined to pay the balance, alleged by the plaintiff to aggregate $552.94, for which amount, with interest, plaintiff prosecutes this action.

Defendant plead the general issue and asserted off-sets in the aggregate of $700.00, composed of $198.90 paid by him to the plaintiff on the Shade note, $286.70 paid on the Kersey note, and $177.84 on the note of Lee Pope which note had been assigned to plaintiff by defendant together with a contract of sale in the same manner as the other two notes and contracts had been assigned, and $36.56 interest. The gravamen of the defense is that a duly authorized representative of the plaintiff had assured defendant that the plaintiff would cause the three said several conditional sales contracts to be recorded (the statute requires filing merely, Acts 1925, chapter 64, section 6) in the office of the county clerk of Wyoming county, but that this was not done, and by reason thereof the three several automobiles covered by said contracts could not be repossessed by either the plaintiff or the defendant and subjected to sale for the unpaid purchase money. At the conclusion of the whole evidence, for both the plaintiff and the defendant, plaintiff demurred to the defendant's evidence, in which demurrer the defendant joined, and the court, upon consideration thereof, overruled the demurrer and entered judgment for the defendant in the sum of $720.00, which was $18.50 less than the amount found for the defendant by the

jury in its conditional verdict predicated on the demurrer. This discrepancy seems to have been an inadvertence. To the action of the court in overruling said demurrer and entering judgment for the defendant on his sets-off or counter-claim the plaintiff prosecutes this writ of error. The verdict of the jury reads: "If on the demurrer of the plaintiff to the defendant's evidence, the court should be of the opinion on the whole case that the defendant is entitled to recover the amount sued for in its plea of set-off, we the jury find for the defendant the sum of $738.50, aggregate of principal and interest to date; but if the court should be of the opinion that the defendant is not entitled to recover on its plea of set-off and that the plaintiff is entitled to recover the amount sued for and set out in its notice; then upon the said demurrer to the evidence, we find for the plaintiff the sum of $583.33, aggregating of principal and interest to date."

At the trial, the plaintiff introduced the Shade and Kersey notes and assignments thereof made by the defendant to the plaintiff, and the defendant's guarantee of payment of said notes. Thereupon the defendant to sustain the defense interposed by him testified that the negotiations between defendant and the plaintiff for the assignment of said notes and contracts by the defendant to the plaintiff were conducted between the defendant and one Clark, an agent and representative of the plaintiff; that he asked Clark whether he (defendant) should record the conditional sales contracts or whether that would be done by the company, and that Clark replied: "We will take care of that, all you have to do is to sell your automobile and fill in your contract;" that pursuant to a written inquiry later made by him he received a letter from plaintiff's Bluefield office advising: "For your protection and our protection, all conditional sales contracts are recorded in the county clerk's office in the county in which the sale is made;" that the said letter became lost and he was therefore unable to produce it at the trial; that the plaintiff did not record said contracts, and that the defendant did not ascertain that fact until about the first of December, 1925, after he had made payments to the plaintiff on account of each of said assignments; that Pope, Shade and Kersey

all disappeared and defendant was unable to locate any of them; that the automobile which defendant had sold to Kersey was located by defendant in the State of Kentucky where Kersey is supposed to have sold it to another party; that this party declined to surrender the automobile to defendant when he demanded the return of the same. Though the defendant testifies that he thus located the Kersey car, he does not say he was able to ascertain what had been done with the Pope and Shade cars. The clear inference is that he did not know what had been done with them. Certain it is that he did not in his testimony undertake to say where they were.

On behalf of the plaintiff, in rebuttal, the defendant's testimony is denied both as to the alleged understanding with Clark and as to the letter which defendant said he had received.

Either party may demur to the evidence introduced by his adversary in support of the affirmative of an issue the burden of which is upon him. *Bennett* v. *Perkins,* 47 W. Va. 425; *Bowman* v. *Dewing,* 50 W. Va. 445; *Reiniger* v. *Piercy,* 77 W. Va. 62. That is the situation in the case at bar. The plaintiff, by the introduction of the notes and conditional sales contracts with the assignments thereof, presented a *prima facie* case and thereby cast upon the defendant the burden assumed by him under his special plea and notice of sets-off and counter-claim. The demurrer having been properly interposed by the plaintiff and joined in by the defendant, what is the situation? The whole evidence is to be considered. *Bowman* v. *Dewing, supra; Wilson* v. *Braden,* 56 W. Va. 372. A demurrant waives so much, and so much only, of his evidence as is contradicted by evidence of the demurree, and he concedes the truth of the evidence demurred to and all reasonable inferences deducible from it. *Milling Co.* v. *Telegraph Co.,* 104 W. Va. 150. If, thus viewing the evidence in this case, a verdict for the demurree would be upheld by the Court, the demurrer should be overruled and judgment entered for the demurree, but if a verdict for the demurree would not be upheld, the demurrer should be sustained and judgment entered for the demurrant.

Under the demurrer we must take as true the defendant's

testimony both as to the alleged statement of Clark and as to the letter which the defendant says he received from a representative of the company. "Upon demurrer to the evidence the demurrant will not be heard to discredit the verity of his opponent's testimony." *Central Acceptance Corporation* v. *Motor Company,* 104 W. Va. 174. But, granting to the defendant the full benefit of all his testimony, it does not follow that he is entitled to the relief which has been accorded him by the circuit court. The essential point of his defense is that by reason of the failure of the plaintiff to file or record the conditional sales contracts, the defendant was prejudiced in that neither the plaintiff nor the defendant was in position to repossess the automobiles and subject them to sale under the reservation of title. This position is clearly not well taken as to the Shade and Pope machines, neither of which has been located by the defendant. With the whereabouts of those two machines unknown, the defendant would not have been in position to repossess them even if the conditional sales contracts had been filed in the office of the clerk of the county court of Wyoming county. The primary obstacle to repossession of the two machines mentioned was the disappearance of those machines and not the failure to record the contracts. As to those machines, in so far as it appears from the record, the defendant has not been prejudiced by any dereliction of the plaintiff. The defendant not having shown that he suffered loss as to the said machines because of the plaintiff's failure to record the conditional sales contracts, a verdict for the defendant so far as predicated on the sales of said machines could not be sustained. Under the demurrer to the evidence the defendant was therefore not entitled to a judgment against the plaintiff on the sets-off account so far as predicated on transactions pertaining to the two machines.

Now as to the Kersey machine. It could not be repossessed in the State of Kentucky because the conditional sales contract was not recorded in West Virginia. As stated in *Finance Company* v. *Dudley,* 98 W. Va. 255, it is the general rule "that a chattel mortgage executed in good faith and valid under the laws of the state where executed will be held to be valid by the courts of a sister state to which the property

may be removed. If valid where made and properly recorded under the laws of the state where executed, it will be enforced in the courts of another states as a matter of comity, although not recorded there." This rule obtains in the State of Kentucky. *Kelley* v. *Brack*, 282 S. W. 190; *Herold Motor Car Co.* v. *Commonwealth*, 287 S. W. 939. The converse is of course true, namely, where a chattel mortgage or conditional sales contract is not valid in the state where executed, because of lack of recordation or otherwise, it is without effect in a sister state to which the property may be removed. The defendant could not repossess the Kersey machine from a third party in the State of Kentucky in the face of the fact that the conditional sales contract embodying a reservation of title was not property of record in this state. · Under the reasonable inferences which must be accorded the defendant on the demurrer to his evidence, the failure or non-existence of the right to repossess the Kersey machine in Kentucky is attributable to the plaintiff's failure to file (record) in this state the conditional sales contracts as it undertook to do, as testified to by the defendant. It is obvious, however, that the extent of the defendant's damages in this particular is the value of the Kersey automobile at the time defendant found it in Kentucky. "Compensatory damages are such as measure the actual loss, and are given as amends therefor." *Talbott* v. *Ry. Co.*, 42 W. Va. 560. Plaintiff was not responsible for the automobile having been taken to Kentucky nor for its value when found there. But there is a total absence of proof as to such value. In this essential particular the defendant has failed to sustain his special plea and his counter-claim. In the absence of such proof there is no basis on which to determine the amount of his loss by reason of plaintiff's failure to file the Kersey contract. Thus a verdict for the defendant on his counter-claim as to the Kersey transaction could not be sustained, and it follows that the demurrer to his evidence in that particular too was well taken and should have been sustained.

The defendant's contention that the judgment of the trial court may not be reviewed here because of the plaintiff's

658

failure to move for a new trial is not well taken. *Proudfoot* v. *Clevenger,* 33 W. Va. 267; *Fisher* v. *Bell,* 65 W. Va. 10.

For reasons above set forth, we are of opinion that the demurrer to defendant's evidence ought to have been sustained. Therefore, the judgment of the trial court will be reversed and judgment entered here for the plaintiff in the amount ascertained for it by the jury in the conditional verdict.

*Reversed and rendered.*