[No. 22675. Department Two. January 20, 1931.]

PACIFIC FINANCE CORPORATION, *Appellant*, v. SNO-
HOMISH COUNTY *et al., Respondents.*[1]

*Bogle, Bogle & Gates* and *Warren Brown, Jr.,* for
appellant.

*Charles R. Denney* and *Phil G. Warnock,* for re-
spondents.

FULLERTON, J.—On June 26, 1929, one George A.
Baker purchased from the Sizer-Stover Nash Co., on
a contract of conditional sale, a used Nash automobile.
At the time of the purchase, Baker paid on the agreed
purchase price the sum of $229.34, by turning over to
the seller another automobile valued at that sum. The
remainder of the purchase price he agreed to pay in
monthly installments of forty dollars each on the 10th
day of each month between August 10, 1929, and June
10, 1930, and $472 on June 26, 1930. The contract

[1]Reported in 295 Pac. 110.

complied with the requirements necessary to constitute a valid conditional sales contract. It was assigned by the seller, on the date of its execution, to the appellant, Pacific Finance Company, and was recorded within ten days thereafter.

The personal property of Baker was assessed for taxation for the year 1928, and a tax levied thereon in the sum of $23.58. His personal property was likewise assessed for the year 1929, and a tax levied thereon in the sum of $38.63. The car was not owned by Baker at the time the taxes for 1928 were levied, nor were the taxes of 1929 levied against the car involved; that is to say, the car was not listed by the assessor as a part of his personal property, and was not taken into consideration in valuing his personal property for that year.

The tax for 1928 became due and payable on the first Monday in February, 1929, but was not paid then or thereafter; and, on November 7, 1929, the county treasurer issued an order of distraint, directed to the sheriff of the county, commanding him to seize the personal property of Baker in sufficient amount to pay the tax, and forthwith advertise and sell the property seized. The treasurer, also, at the same time issued and delivered to the sheriff an order of distraint for the taxes of 1929. This tax was not then due, and was not then payable by Baker. The statute, however, authorizes the county treasurer to issue such an order when, in his judgment, the property of the person assessed "is being removed or is about to be removed without the limits of the state, or is being dissipated or about to be dissipated," and it is possible that the order was issued pursuant to this statute.

On receipt of the order of distraint, the sheriff seized the automobile mentioned and advertised the

same for sale as the property of Baker. Baker was, at that time, two months in arrear on the installment payments due on the contract of conditional sale, and the testimony shows that he had then abandoned the intention of making any further payments thereon. Within a few days after the levy, he left the state, and his whereabouts were unknown at the time of the trial.

After the seizure of the automobile by the sheriff, the appellant mailed to Baker a notice of forfeiture of the contract, and demanded possession of the car from the sheriff. Possession of the car was refused it, and it thereupon began the present action to enjoin the sale and recover possession of the automobile. Issue was taken on the allegations of the complaint, and a trial was had before the court sitting without a jury, at the conclusion of which the court entered the following judgment:

"This matter came on regularly for trial this 27th day of March, 1930, plaintiff appearing by its attorneys Bogle, Bogle and Gates and Warren Brown, Jr., the defendants appearing by their attorneys Charles R. Denney and Phil G. Warnock, evidence oral and documentary was introduced and arguments of counsel heard and the Court having signed and filed a written Ruling and being fully advised in the law and the premises,

"FINDS, that the levy and distraint of one Nash Convertible Coupe, Motor Number A41773, Serial Number A73556, being purchased under conditional sale contract by George A. Baker as regards the delinquent tax due Snohomish County for 1928, is in all things a lawful distraint, now, therefore,

"It is ORDERED AND ADJUDGED that the restraining order entered herein insofar as it restrains the sale of the above mentioned automobile for the delinquent taxes for 1928 due Snohomish county be and the same is hereby dissolved and is of no further force or effect.

"That the defendants have and recover their costs herein incurred to be taxed by the clerk together with

the sum of $23.58 being the taxes, interest and costs. for 1928 taxes of Geo. A. Baker due Snohomish county together with accruing interest on such tax.

"Dated this 5th day of April, 1930."

The trial court made no separate findings of fact or conclusions of law. The trial judge, however, filed in the record a memorandum opinion, in which he stated the grounds for the decision of the court. The opinion, after reciting the facts, and reciting that there was not sufficient proof to warrant the acceleration of the due date of the tax of 1929, continued as follows:

"That the distraint for the tax of 1928 is effective and valid, done as it was prior to the termination of Baker's rights as a conditional sales vendee and that the lien of the tax of 1928, arising out of distraint, may be enforced against the right of Baker in the automobile as that right existed at the time of distraint, and this even though the tax of 1928 was not levied against this specific automobile.

"This is to say that a buyer at the sale may purchase the conditional sales vendee's right of Baker as such existed on the date of distraint and no more, thus acquiring the rights of a conditional sales vendee and being bound to pay the unpaid installments of the purchase price to plaintiff. To put it in another way, the sheriff seized the right of Baker 'as was'; the buyer at the sale will buy 'as was' and plaintiff remains 'as was'—all as of the date of distraint.

"The county has the right to collect its tax from Baker. The buyer at the tax sale will buy the rights of Baker. The plaintiff will have the right to demand payment forthwith of the due installments from the tax sale purchaser and to require payment of future installments by that one as they accrue. Conditional sales contracts, like every other are made with knowledge of law, which is a part of every contract. Certainly the law of taxation is."

The doctrine here announced, we are not persuaded is tenable. It is true, as the learned judge says, that the county has the right to collect the tax due the

county by Baker from Baker, but it is equally true that if it attempts to collect the tax by the seizure and sale of property, the property seized and sold must be the property of Baker. Obviously, it may not sell the property of another to satisfy the tax due from Baker. It remains then to inquire what interest or right Baker had in this automobile that was subject to sale. In our opinion, he had no interest or right. Baker held the property under a contract of conditional sale. By the terms of the contract, the title to the property was reserved in the seller until the performance of certain conditions on the part of Baker; namely, the payment of the agreed purchase price of the property. All of these had not been paid at the time of the seizure, and some of them were then in default. The seller, at that time, had the right to declare a forfeiture, and it did so declare it, prior to the time fixed for the sale of the property by the sheriff. Possibly, Baker could have kept the contract alive, under the circumstances here shown, had he tendered to the seller the payments in default on the declaration of the forfeiture, and possibly, the county could have kept it alive by itself tendering the payments. But nothing of this sort was done. Baker abandoned the property and left the jurisdiction, and the county made no such tender. Manifestly, a sale of the property would pass no interest therein to the purchaser who purchased at the sale, and even a sheriff may not, with impunity, sell the property of one person for the debt or obligation of another.

The theory of the trial court that the rights of the parties became fixed at the time of the seizure of the property, and that the subsequent sale would pass to a purchaser at the sale such interest as Baker had at that time, is one to which we cannot subscribe. As

between the county and Baker, the seizure unquestionably has this effect, but it has no such effect as between the county and the vendor in the contract of conditional sale. The vendor's rights are, in no manner, disturbed by such a seizure. On a default in the terms of its contract, it may declare a forfeiture and proceed to enforce its rights thereunder, regardless of the person, or the situation of the person, who has possession of the property, and, when the default becomes absolute, it may retake the property from the possession of any person whom it finds in possession of it. Before the rights of the vendor of the property may be cut off or stayed, there must be some default on its part, and the failure or refusal of Baker to pay his taxes is not its default.

Because of certain remarks quoted in the record as having been made by the trial judge during the course of the trial, it may be well to add that contracts of conditional sale, such as the one here involved, are valid in this state. Not only have they been upheld by the uniform decisions of this court, but they have express legislative sanction. (See Rem. Comp. Stat., § 3790; also, Rem. 1927 Sup., § 5836-1 *et seq*.) They pass no title in the property contracted to be sold to the contract purchaser. His rights are limited by the terms of the contract, and he acquires title only by a performance of the conditions of the contract. Equitable considerations have no place in contracts of this sort. Equity, like it does in all other express contracts in which the terms of the contract are clear and plain, follows the law, and the courts have no authority on any equitable principle to rewrite the contract for the parties.

It follows that the judgment of the trial court must be reversed, and the cause remanded with instructions to grant an injunction restraining the sale, and direct a

return of the property to the appellant. It is so ordered.

BEALS, MAIN, and HOLCOMB, JJ., concur.

MITCHELL, J., concurs in the result.