BLAISDELL AUTOMOBILE COMPANY *vs*. PERRY D. NELSON.

Penobscot.     Opinion April 9, 1931.

*Percy A. Smith*, for plaintiff.
*Edward P. Murray*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, THAXTER, JJ.

THAXTER, J.   This is an action of trover brought for the conversion of an automobile truck, and is before this court on an ex-

ception by the plaintiff to a directed verdict for the defendant. No defense was offered and there is no real dispute as to the facts.

January 21, 1926, the plaintiff sold to one Leighton a Chevrolet truck and a touring car, and in part payment thereof the purchaser gave to the plaintiff a Holmes note, which provided that the truck and the car should remain the property of the seller till payment of the purchase price. The note was security for two notes, one for two hundred dollars payable in five months and the other for five hundred eighty-one dollars and forty-six cents payable in six months. This note was recorded January 22, 1926, in the clerk's office of the Town of Dexter. Sometime in the first part of May, Leighton sold the truck to the defendant, who it appears inquired of the plaintiff whether the plaintiff had any claim on it and was informed as to the true facts. Whether this conversation took place just before or just after the resale of the truck does not appear. Subsequently the defendant again came to the plaintiff's place of business, and the treasurer of the plaintiff company made out a license for him for the truck. He was again told that there was a mortgage on it. The notes were not paid, and during the years 1927, 1928, 1929, and 1930, there was talk between the defendant and officials of the plaintiff company about payment for the balance due on the truck. The defendant at these interviews insisted that Leighton would take care of it. Leighton's notes were never paid, and March 1, 1930, this suit was brought for conversion of the truck.

The defendant seeks to sustain the ruling of the trial court in directing the verdict for him on the following grounds: first, that there is no evidence that the conditional sale agreement or Holmes note was recorded in the town where the purchaser resided; secondly, that the use of the truck by the defendant was with the consent of the plaintiff, and, therefore, the plaintiff is estopped to claim a conversion; thirdly, that the defendant purchased the conditional vendee's right of possession of the truck, and there was, therefore, no conversion till after a demand for possession by the original seller and a refusal to deliver by the defendant. We shall consider these contentions in their order.

*First, the residence of the Mortgagor.* It is true that the con-

ditional sale agreement is not binding on the defendant, unless it was recorded in the office of the town clerk in the place where the purchaser resided. R. S. 1916, Chap. 114, Sec. 8. The burden of establishing a compliance with this requirement as to its record is on the plaintiff. *Horton* v. *Wright*, 113 Me., 440. Furthermore, nothing appears in the record to indicate what was Leighton's residence at the time of the purchase of the truck. The following formal admission was, however, made:

"By agreement it is admitted that Plaintiff's Exhibit 1 was received and recorded in the Clerk's Office, town of Dexter, Dexter, Maine, on the twenty-second day of January, 1926, and duly recorded in volume 14, page 386, of such town records."

Counsel for the defendant contends that the words "duly recorded" merely mean that the mechanical part of the recording was properly done, and that they do not admit that the mortgage was recorded in the proper place. We do not place this narrow construction on them. The phrase "duly recorded" means recorded according to law. *Brownell* v. *Town of Greenwich*, 114 N. Y., 518; *Dunning* v. *Coleman*, 27 La. Ann., 47, 49. We, therefore, interpret this stipulation as an admission that the town clerk's office of Dexter was the place where by law this mortgage should have been recorded.

*Second, the estoppel of the plaintiff to claim a conversion.* It is not altogether clear on just what grounds the defendant claims that the plaintiff is estopped. Apparently this contention is based on the fact that the plaintiff knew that the defendant had possession of the car and was using it, and made no protest. It is difficult to see why this fact alone creates an estoppel, which arises when one party by some representation induces another to do that which he otherwise would not have done, so that his position is changed to his detriment. *Allum* v. *Perry*, 68 Me., 232. The fact that the plaintiff permitted the defendant to use this car for a period of four years placed the defendant in no worse position than he was in before. The depreciation in the value of the truck while he used it was an incident of such use, and was in no way due to any representations made by the plaintiff. Its decreased value was compensated for by

the defendant's possession and use. The defendant may claim that the plaintiff's conduct amounts to a waiver of its right to sue for conversion. This court has clearly pointed out the distinction between waiver and estoppel, and has shown that they are often confused. *Colbath* v. *H. B. Stebbins Lumber Co.*, 127 Me., 406, 414. A person may waive his rights without an estoppel arising; and, furthermore, a waiver may be ineffectual to modify the rights of the parties without an estoppel, or in the absence of some consideration to support it. *Colbath* v. *H. B. Stebbins Lumber Co.*, supra. A waiver in its strict sense is based on intention. *Peabody* v. *Maguire*, 79 Me., 572, 585; *Smith* v. *Phillips National Bank*, 114 Me., 297. There was in the case, which we are here considering, no waiver by the plaintiff of its rights. The conversion by the defendant took place when he bought the truck of Leighton. The plaintiff's right to sue for that wrong was not lost by failure to retake the truck from the defendant, or because of requests made for payment of the balance of the purchase price. 38 Cyc., 2043; *Dixie* v. *Harrison*, 163 Ala., 304. In a case involving facts quite similar to these before us, this Court said: "The neglect of a party to proceed against one, who is known to have taken and used his property unlawfully, does not deprive him of his right to do so, until the statute of limitations interposes." *Porter* v. *Foster*, 20 Me., 391, 393.

*Third. Was a demand and refusal necessary.* The agreement here given was in effect a conditional sale. Title was to remain in the seller until the purchase price was paid. Though having some of the incidents of a chattel mortgage, such a transaction is different from a mortgage. The vendee is not the owner of the property. *Hartford Accident & Indemnity Co.* v. *Spofford*, 126 Me., 392. Until the payment of the price, title remains in the vendor; and a transfer of possession by the vendee to an intended purchaser without consent of the vendor is a conversion by both the vendee and by such purchaser. No demand is necessary by the vendor to permit him to maintain an action for such conversion. *Galvin* v. *Bacon*, 11 Me., 28; *Whipple* v. *Gilpatrick*, 19 Me., 427; *Porter* v. *Foster*, supra; *Crocker* v. *Gullifer*, 44 Me., 491; *Hotchkiss* v. *Hunt*, 49 Me., 213, 224; 38 Cyc., 2036; 26 R. C. L., 1122. The case of *Dean* v.

*Cushman*, 95 Me., 454, cited by counsel for the defendant is a case of a chattel mortgage, and is distinguishable from this of a conditional sale.

There was some talk between the plaintiff and the defendant in regard to the purchase by the defendant of the truck. It is a question for the jury whether this conversation took place just before or just after the transaction occurred. If the jury should determine that it happened before and was of such a nature that a consent by the plaintiff to the purchase of the truck by the defendant could be implied, a demand by the plaintiff for possession of the truck and a refusal to surrender it by the defendant would be conditions precedent to a recovery.

It is our opinion that this issue should have been submitted to the jury for decision.

*Exception sustained.*