## General Motors Acceptance Corporation v. Shuey.

(Decided March 15, 1932.)

BARBOUR & BASSMANN for appellant

JUDSON A. SHUEY, pro se.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

On May 26, 1930, Judson A. Shuey purchased from the C. C. Long Motor Company a used Chevrolet coupe for the sum of $398, $248 of which was paid at the time of delivery with the remaining $150 to be paid in installments of $25 on the 26th of each successive month until the balance had been paid in full. As evidence of the sale, the parties made and executed a conditional sales contract which provided that the title to the property should not pass until the purchaser had fully paid the purchase price. This contract was acknowledged by the purchaser and was recorded in the office of the county clerk of Campbell county and was thereafter transferred and assigned by the C. C. Long Motor Company to the General Motors Acceptance Corporation, hereinafter called the acceptance corporation. The contract contained the following provision:

"6. Time is the essence of this contract, and if the purchaser default in complying with the terms hereof, or the seller deems the property in danger of misuse or confiscation, the seller or any sheriff or other officer of the law may take immediate possession of said property without demand (possession after default being unlawful), including any equipment or accessories thereto; and for this purpose the seller may enter upon the premises where said property may be and remove same. The seller may resell said property, so retaken, at public or private sale, without demand for performance, with or without notice to the purchaser (if given, notice by mail to address below being sufficient), with or without having such property at the place of sale, and upon such terms and in such manner as the seller may determine; the seller may bid at any public sale. From the proceeds of any such sale, the seller shall deduct all expenses for retaking, repairing and sell-

ing such property, including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any surplus shall be paid over to the purchaser; in case of deficiency the purchaser shall pay the same with interest and the purchaser does hereby confess judgment in the amount of such deficiency. Seller may take possession of any other property in the above described motor vehicle at the time of repossession and hold the same temporarily for the purchaser without liability on the part of the seller.''

The purchaser paid two installments, but defaulted in payment of the next three installments when due. On October 28, 1930, Mr. Shuey drove the automobile to the courthouse at Newport where he left it parked and went to his law office in Cincinnati. While he was gone, the acceptance corporation procured the Newport Auto Sales Company to take possession of the automobile and deliver same to it in Cincinnati. On December 30, 1930, the acceptance corporation gave notice to Mr. Shuey by registered mail that it would sell the automobile on January 10, 1931, and pursuant to that notice did sell it for the sum of $160 at public auction at the time stated.

On October 9, 1931, Mr. Shuey instituted this action in the Campbell circuit court against the Newport Auto Sales Corporation and later by amended petition made the acceptance corporation a party defendant alleging that the defendants had unlawfully and wrongfully taken possession of the automobile. He asked for the possession of the automobile and for damages for the taking and detention thereof.

In addition to traversing certain allegations of the petition, the acceptance corporation as a further defense, by answer as amended, asserted that under the provisions of section 6 of the contract, it had a right, upon plaintiff's default in payment of installments for balance of purchase price, to take possession of the automobile and to resell it; and after satisfaction of the balance due on the contract and the costs incident to the possession, repair and sale thereof to pay any balance realized to the plaintiff. It was further alleged that the automobile was resold in conformity with the provisions of the contract and that out of the sum realized it had retained $100 for the balance due on the contract and the further sum of $32.41 for the expense of repossessing, repairing, and

selling the automobile, leaving the sum of $27.59 due plaintiff which sum it tendered to him. Defendant further alleged that it took possession of the automobile "lawfully, peacefully, without force, interference or intimidation and without violating any law or committing any unlawful act, and while said automobile was parked on a public highway in said city of Newport."

A trial resulted in a verdict and judgment against the acceptance corporation for the sum of $500 subject to a credit of $100 the balance due on the sales contract. The acceptance corporation has filed a transcript of the record accompanied by motion for appeal.

Under the issues presented, the decision of this case must turn on the question of right of possession, that is, whether, under the quoted provisions of the contract, appellant unlawfully and wrongfully took possession of, retained, and resold the automobile. If, under the provisions of the contract, appellant had the right to take possession of the automobile, then appellee has no right of action for the wrongful conversion thereof.

Conditional sales contracts expressly reserving title in the seller are recognized by law, and, under such contract, title does not pass to the purchaser until he has completed and performed the contractual stipulations therein. Brown v. Woods Motor Co., 239 Ky. 312, 39 S. W. (2d) 507, 509; Phend v. Midwest Engineering & Equipment Co. (Ind. App.), 177 N. E. 879; Blaisdell Automobile Co. v. Nelson, 130 Me. 167, 154 A. 184; Turner Lumber & Investment Co. v. Chicago R. I. & P. Ry. Co. (Mo. App.), 43 S. W. (2d) 1009; 24 R. C. L. 454; Ky. Stats, sec 2651b-20.

Prior to the enactment of the Uniform Sales Act in 1928 (Ky. Stats., sec. 2651b-1 et seq.) this court had consistently held a conditional sales contract to be, in effect, a chattel mortgage. Kelley v. Brack, 214 Ky. 9, 282 S. W. 190; Morrow Mfg. Co. v. Race Creek Coal Co., 222 Ky. 807, 2 S. W. (2d) 662; Gas & Electric Shop v. Corey-Scherfel Lumber Co., 227 Ky. 657, 13 S. W. (2d) 1009, 62 A. L. R. 208. While some of these cases were decided after the adoption of the Uniform Sales Act, they are dealing with contracts made and entered into, prior to its adoption, and, as pointed out in Brown v. Woods Motor Co., supra, section 2651b-20 provides:

"(1) Where there is a contract to sell specific goods, or where goods are subsequently appro-

priated to the contract, the seller may, by the terms of the contract or appropriation, reserve the right of possession or property in the goods until certain conditions have been fulfilled. The right of possession or property may be thus reserved, notwithstanding the delivery of the goods to the buyer or to a carrier or other bailee for the purpose of transmission to the buyer.''

Whether or not the quoted section of the statute furnishes a basis for a distinction between a chattel mortgage and a conditional sales contract, it at least affords to the seller a new and additional remedy. The contract here expressly reserved the title to the seller; and the buyer whose rights are limited by the terms thereof could acquire title only by the performance of its stipulations. Brown v. Wood Motor Co., supra; Pacific Finance Corporation v. Snohomish County, 160 Wash. 384, 295 P. 110; Turner Lumber & Investment Co. v. C. R. I. & P. Ry. Co., supra.

In 24 R. C. L. 770, sec. 476, it is said:

''A retention of title in the seller until the price is paid, while affording a means of security, is more than a mere lien, and, as a general rule, he retains all the rights of ownership except in so far as he has parted therewith by the terms of the contract.''

An agreement in a conditional sales contract for accelerated maturity of future installments in the event of default in payment of installments due is lawful and may not be condemned as oppressive. Harris v. Kessler (Cal. App.), 3 P. (2d) 55. A purchaser who has defaulted in payments may not recover for the conversion of an automobile purchased under an agreement that the title is to remain in the seller until the purchase price and costs of repairs have been paid. Hammans Lumber Co. v. Fricker (Ark.), 42 S. W. (2d) 1001; Hawkins Furniture Co. v. Morris, 143 Ky. 738, 137 S. W. 527, 529. However, in the latter case, it was held that the seller may not repossess the property by force amounting to a breach of the peace or an assault, but that, if possession may not be peaceably attained, resort must be had to the courts.

In repossessing this automobile, it does not appear that appellant or its agent or employees committed an

assault or any act that would amount to a breach of the peace; therefore, under the provisions of the contract, considered in the light of the statutes and the authorities cited, we are constrained to hold that the taking and retention of the automobile under the circumstances shown was legal and did not amount to a wrongful conversion of appellee's property.

It is insisted by appellee that his motion to dismiss the appeal should prevail because this court has no jurisdiction, since the amount in controversy is less than $500. But this argument overlooks the fact that the acceptance corporation is here on motion for appeal under the provisions of section 950-3, Ky. Stats.

It is further insisted by counsel for appellee that the rights of parties are to be determined by section 2739g-14 of the statute relating to bills of sale for automobiles. As a general rule, where statutes seemingly conflict, it is the duty of the courts to harmonize them and give such construction as will permit both to stand, if such construction can reasonably be given. Lewis v. Mosely, 215 Ky. 573, 286 S. W. 793; Naylor v. Board of Education of Fulton County, 216 Ky. 766, 288 S. W. 690. We find no such conflict between section 2739g-14 and the provisions of the Sales Act as would prevent giving effect to each or would forbid a conditional sale of an automobile, retaining the title in the purchaser as was done in this case.

The conclusions we have reached render it unnecessary to give consideration to any other questions raised or argued.

For the reasons indicated the motion for appeal is sustained, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.