## C. I. T. Corporation v. Short.

(Decided March 22, 1938.)

J. W. JONES for appellant.

STROTHER KISER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

The C. I. T. Corporation is appealing from a $2,000 judgment in favor of Molly Short recovered for alleged

punitive damages growing out of the repossession of an automobile under a conditional sales contract.

One of the grounds argued for reversal is that the court erred in not peremptorily instructing the jury to find for appellant, and basis for this ground is that there is no showing or evidence on which to rest a verdict or judgment for punitive damages.

In so far as pertinent to a determination of this question, the facts substantially are that on February 18, 1933, appellee purchased from the Farmer Motor Company of Lexington, Ky., a Rockne Coupé under a conditional sales contract. After an initial credit by cash and the trade-in value of another automobile, there was a balance of $504 due which, under the terms of the contract and as evidenced by a promissory note of the same date, was payable in fifteen equal monthly installments of $33.60 each. Immediately thereafter the Farmer Motor Company assigned and transferred the note and conditional sales contract to appellant without recourse. It is provided in both the note and the conditional sales contract that if any installment which may become due and payable is not paid, then in such event the holder of the note and the contract may, without legal process, enter upon any premises where the automobile may be found and take possession thereof. The contract also contained the usual provisions and conditions that the title to the property remained in the seller and the disposition that should be made of it in case of repossession because of default.

The evidence for appellant conduces to show that it was having difficulty in collecting the installments and that in the early part of March, 1934, its agents went to the home of appellee in Winchester, after having failed to get in touch with her otherwise, with a view to collecting past-due installments, but was unable to locate her or any person at her home; that they discovered the automobile in a garage on the premises, the doors of which were standing open; that they secured the services of a wrecker, towed the car to a garage in Winchester, and later removed it to the plant of the Farmer Motor Company at Lexington. However, before removing the car from the garage at appellee's home, appellant's agents sought the advice of an attorney who advised them that in the circumstances they could under their contract repossess the car, if they did so in a peaceful manner.

Appellee admitted that she had been in arrears and that the December installment had not been paid, but stated that her sister in Louisville had assumed the payment of the installments and had sent a check for the month of December which had been lost or miscarried in the mails. It is shown that appellant attempted to notify appellee by registered mail both at her address in Winchester and an address where she sometimes stayed in Lexington that they had repossessed the car and would sell it in the event it was not redeemed, but the letters were returned unclaimed. Appellee testified that the agent to whom she talked after the car had been repossessed insisted she should pay the balance due before the car would be returned to her, but she further testified that the secretary or some young lady in the office told her she might pay the December installment along with the March installment when the latter was due. The evidence of the agent who talked to her indicates that he made no extension of time and knew nothing of any being made.

The validity of conditional sales contracts has been upheld by this court in numerous opinions. See Munz v. National Bond & Investment Company, 243 Ky. 293, 47 S. W. (2d) 1055; General Motors Acceptance Corporation v. Dickinson, 249 Ky. 422, 60 S. W. (2d) 967; General Motors Acceptance Corporation v. Shuey, 243 Ky. 74, 47 S. W. (2d) 968, and authorities cited in those opinions.

It has also been held in the foregoing and many other cases that under conditional sales contracts, and where so provided, the seller may repossess the automobile in a peaceable manner without force, violence, breach of the peace, etc. White Sewing Machine Company v. Conner, 111 Ky. 827, 64 S. W. 841, 23 Ky. Law Rep. 1125; Hawkins Furniture Company v. Morris, 143 Ky. 738, 137 S. W. 527. While it is true that appellant's agents went on private property to repossess the automobile, there is no showing that they used any force, violence, or did anything that would amount to breach of the peace. Appellee testified that she was a joint owner of the house and lot, but under her contract appellant was given the right to enter upon any premises upon which the car might be found for the purpose of repossessing it. In her original petition, she sought compensatory damages for the alleged unlawful taking and detention of the car and for being deprived of its

use and also punitive damages; but by amended petition and by stipulation, all claim for compensatory damages was withdrawn and she stood on her claim for punitive damages alone.

It is a general rule that punitive or exemplary damages are not recoverable as a matter of right and should not be allowed in any case in the absence of showing of wantonness, oppression, recklessness, or such malice as implies a spirit of mischief or gross indifference to the welfare or civil rights of others. See Louisville & Nashville Railroad Company v. Wilkins, Guardian, 143 Ky. 572, 136 S. W. 1023, Ann. Cas. 1912D, 518; Koestel v. Cunningham, 97 Ky. 421, 30 S. W. 970, 17 Ky. Law Rep. 296; Pullman Company v. Pulliam, 187 Ky. 213, 218 S. W. 1005; Louisville & Nashville Railroad Company v. Logan's Adm'x, 178 Ky. 29, 198 S. W. 537; City of Covington v. Faulhaber, 178 Ky. 586, 199 S. W. 32; Green River Light & Water Company v. Beeler, 193 Ky. 675, 237 S. W. 1.

In Central Kentucky Traction Company v. May, Ky., 126 S. W. 1092, 1093, it is said:

"Punitive damages are not authorized and should never be allowed, in any case where there is not some evidence tending to show that the defendant has acted maliciously, willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others."

There is no showing that appellant acted willfully, maliciously, wantonly, or in such a way as would indicate a gross neglect or disregard for the rights of appellee, but, on the other hand, it is apparent that to view the evidence in the least favorable aspect as to the appellant, there was a good faith controversy between the parties and appellant's agents were acting within what they thought to be their rights.

In Louisville Gunning System v. Knighton, 104 S. W. 332, 31 Ky. Law Rep. 923, the appellant under a void lease from a tenant of Mrs. Knighton caused a sign to be painted on the portion of her building occupied by the tenant. Because of the sign, Mrs. Knighton incurred expense in painting her building and in a suit for damages for the unlawful painting of the sign on her building recovered judgment for both compensatory and punitive damages. The judgment was reversed be-

cause punitive damages were not authorized. In the course of the opinion it is said:

"But the Louisville Gunning System in painting the sign on the wall acted in good faith under the lease, believing that it had the right to paint the sign upon the wall by its authority. It is simply a case of a good-faith dispute as to right, and there was nothing in the case to warrant an instruction on punitive damages."

To the same effect, see Drane v. Graves, 261 Ky. 787, 88 S. W. (2d) 927; Gerkins v. Kentucky Salt Company, 67 S. W. 821, 23 Ky. Law Rep. 2415; Thompson & Daley v. Panama Railroad Company, 5 Cir., 5 F. (2d) 957.

It is therefore apparent in the light of the authorities cited that the evidence affords no basis for recovery of punitive damages and appellant's motion for a peremptory instruction should have been sustained.

Wherefore, the judgment is reversed and remanded for a new trial and proceedings consistent with this opinion.