**HOME FINANCE COMPANY, Appellant,**

**v.**

**Herbert RATLIFF, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1964.

Baird & Hays, Jack T. Page, Pikeville, for appellant.

L. D. May, Pikeville, for appellee.

DAVIS, Commissioner.

Appellee, Herbert Ratliff, recovered $900.00 compensatory damages and $1,000.-00 punitive damages against Home Finance Company. Appellant contends (1) that no award for punitive damages is warranted, and (2) that $900.00 for compensatory damages is excessive.

Ratliff's cause of action arose from these circumstances: On July 9, 1959, Ratliff purchased a 1956 Chevrolet automobile from Pike Motor Company on a deferred payment conditional sales contract. He paid $250.00 of the purchase price at the time of the sale, and agreed to pay $42.87 per month for twenty-four months until the purchase price, plus charges for insurance, interest and carrying charges, had been satisfied. Ratliff paid the first two payments, but was in default upon his third payment.

The appellant purchased the conditional sales contract from Pike Motor. Home Finance repossessed the automobile from Ratliff on or about November 9, 1959, and there is no dispute in the record as to the propriety of the repossession. There is dispute in the evidence as to the condition of the car at the time of the repossession which is of some significance, as will later appear.

Home Finance scheduled an auction sale of the car to be held at its place of business at noon on November 23, 1959. Due notice of the proposed sale was furnished to Ratliff. On November 17, 1959, Stuart Justice, an automobile dealer from West Virginia, visited the used car lot of Home Finance with the view to purchasing a number of cars. At that time Justice viewed the car which had been repossessed from Ratliff and bid $200.00 for it. In behalf of Home Finance the record reflects that its representative explained to Justice that the car was scheduled for auction sale on November 23rd and that delivery of it could not be had until after that sale. It is indicated that Justice agreed to let his $200.00 bid stand, and if the car brought no more, he would accept delivery. However, in the confusion of taking delivery of some $7,-000.00 worth of used cars purchased from Home Finance, Justice inadvertently took into his possession the 1956 Chevrolet which had been repossessed from Ratliff.

Ratliff came to the advertised place of the auction sale shortly before the appointed hour of sale. He testified that he had upon his person a cash sum sufficient to fully discharge the entire balance due from him under the conditional sales agreement. Ratliff did not disclose what sum of money he had in possession, nor did he know the precise balance due. Neither did he assert that he informed any representative of Home Finance of his willingness and ability to fully discharge his indebtedness. There is sharp variance in the evidence as to what happened at the advertised time of sale. For Home Finance it is claimed that the car was offered for sale—albeit *in absentia*—whereas Ratliff maintains that he was present before the hour of sale and remained until past sale time, but that no sale of any kind was had. Home Finance, through its agent, maintains that it offered the car for sale, but that only one bid was received, namely, the bid of Home Finance Company in the sum of $150.00. Under these circumstances, Home Finance consummated its transaction with Justice for the sale of the vehicle at $200.00. Here it should be observed that Justice had paid Home Finance a sum in excess of $7,000.00 before the scheduled date of the auction sale, and in this sum was included the $200.00 bid for the Ratliff car.

Ratliff instituted this action seeking recovery of $2,500.00 as compensatory damages and $5,000.00 as punitive damages. Home Finance, after crediting the account of Ratliff by the $200.00 received of Justice, asserted a counterclaim in the sum of

$501.14 by way of deficiency due from Ratliff on the original purchase price.

The issues were submitted to the jury by way of interrogatories. In its answers to the interrogatories, the jury fixed the value of the 1956 Chevrolet at $900.00 on November 23, 1959, the date of the abortive sale. The jury also awarded the sum of $1,000.-00 as punitive damages. Appeal was granted pursuant to RCA 1.180. Appellant challenges the judgment on two fronts: (1) It is contended that the pleadings in the case are based upon contractual violation, and that there can be no recovery of punitive damages for breach of contract; and (2) that the award of $900.00 as the market value of the car is excessive.

We do not reach the questions arising from the first contention of appellant. It is our view that the activities of appellee's agents do not meet the test to become the basis for an award of punitive damages. In 15 Am.Jur., pp. 713, et seq., Damages, § 278, it is written:

"While every legal wrong entitles the party injured to recover damages sufficient to compensate for the injury inflicted, not every legal wrong entitles the injured party to recover exemplary damages. * * * It is universally recognized that punitive or exemplary damages, if recoverable at all, may be recovered only in cases where the wrongful act complained of is characterized by, or partakes of, some circumstances of aggravation, such as wilfulness, wantonness, malice, gross negligence or recklessness, oppression, contumely and indignity, outrageous conduct, insult, or gross fraud."

Numerous decisions of this and other courts are cited in support of the text. Among them may be noted: Drane v. Graves, 261 Ky. 787, 88 S.W.2d 927, and Ohio County Drug Co. v. Howard, 201 Ky. 346, 256 S.W. 705, 31 A.L.R. 1355.

The actions of the agents of appellant cannot be characterized as willful, wanton, malicious nor grossly negligent. At best, the unfortunate incident can be regarded as negligence. Ordinary negligence does not suffice as a predicate for punitive damages. Cf. C.I.T. Corp. v. Short, 273 Ky. 190, 115 S.W.2d 899.

We hold, therefore, that the trial court erred in submitting the question of punitive damages to the jury; the objection of appellant to that submission should have been sustained. The motion for judgment n. o. v. pursuant to CR 50.02 was improperly denied.

■ Appellant complains that the evidence does not sustain the jury's verdict that the car had a value of $900.00 on the sale date. However, there is competent evidence furnished by an automobile dealer fixing a higher value than $900.00 for the car. It is argued that Ratliff paid only $900.00 for the car in July so that it is unreasonable that it could have that value in November. We do not agree. Ratliff's purchase may have been a bargain sale to him. In any event the price he paid for it is not conclusive on the issue of market value. The jury's verdict on this item is well within the range of competent testimony.

■ There is no dispute in the record that Ratliff owed a balance of $501.14 on the original purchase after credit by $200.-00 paid by Justice. The verdict placed the car's value at $900.00. Ratliff was deprived of the benefit of a public sale of the car under the advertised and normal circumstances. Appellant was remiss in its obligation to Ratliff to conduct a proper sale. Ratliff's damage could not exceed the market value of the car, less the sum due from Ratliff to Home Finance. Thus, the balance due Ratliff is $398.86, the difference between the market value of the car and his debt to Home Finance.

The judgment is affirmed in part and reversed in part with directions to enter a judgment for Ratliff in the sum of $398.86.